Shauck, J.
Uppn the allegations of the petition and the admissions of the return, counsel for the petitioner challenges the constitutionality of the act of May 5, 1885, commonly known as the* “ Habitual Criminal ” act, now sections 7388-10 of the Revised Statutes. If the act is repugnant to any provision of the constitution, its invalidity may be determined in this proceeding, since the unexpired portion of the petitioner’s sentence rests upon no other authority. Ex parte Siebold, 100 U. S. 176.
That this statute is found in the chapter relating to the management of the penitentiary and the imprisonment of convicts therein, instead of the title relating to crimes and offenses, is not ground for questioning its validity. The connection in which a statute is placed, may aid in determining its meaning where that is otherwise doubtful, but it cannot defeat a competent and clearly expressed legislative purpose.
Whether the legislature attempted by this act to confer judicial power upon the managers of the penitentiary must be determined by its provisions. While it confers a wide discretion upon the managers with respect to convicts, that discretion is limited to persons who, in the judicial tribunals, have been adjudged both to be guilty of the specific felony committed after the passage of the act, and charged in the indictment, and to have been previously twice convicted and imprisoned for felonies. The petition alleges that Kline was convicted of three felonies. Excluding inference, this probably means that he was convicted of burglary, and found to be a person who had previously béen twice convicted, sentenced and imprisoned for felonies. The return 'shows'that *217 he had been “ tried and found guilty of burglary and larceny andu for being an habitual criminal.” This implies that the offense of burglary committed after the passage of the act and the two previous imprisonments for felonies were charged in the indictment and established by the evidence. The judgment followed this verdict. It appears, therefore, that in the court of common pleas the matter's necessary to constitute the petitioner an habitual criminal were charged and determined. Although the act provides that after the expiration of the definite sentence for the felony committed .after the passage of the act the managers of the penitentiary may permit the convict to go upon parole, this is not an interference with the executive or judicial powers which are vested by the constitution. State ex rel. v. Peters, 43 Ohio St. 629.
But it is saic[ that until actually imprisoned for a felony committed after the passage of the act, Kline was not an habitual criminal, and that the court of common pleas had not authoritity to sentence him for life. This petition challenges only the authority of the court of common pleas to impose the sentence in question. It does not call in question the regularity of its proceedings. The finding of the jury that the petitioner was an habitual criminal was conclusive as to all the facts necessary to place him in that legal predicament, as the finding that he was guilty of burglary was conclusive as to all the elements constituting that crime. Presumptively these were all charged in the indictment, and it was not necessary to repeat them in the verdict.
If the authority of the warden to detain the prisoners depends upon this portion of the sentence passed by the court of common pleas, it was authorized by the verdict. But the provision of the statute is that “ the liability to be so detained shall be and constitute a part of every sentence, etc.” This is a legislative provision touching the effect of the sentence. It does not seem to be a requirement that the court shall formally and in terms adjudge such liability. The difference betweeen this provision, and that of section 6799 of *218 the Revised Statutes is suggestive. It is there provided that . “ the court shall declare in its sentence ” for what period the accused shall be kept at hard labor, etc.
Edgar B. Kinkead, for petitioner.

J. K. Richards, Attorney-General, contra.

' The invalidity of this statute is also asserted upon the grounds that it is ex post facto in its operation, and that it places the accused again in jeopardy for former offenses. It' is said in argument, though it does not otherwise appear, that Kline was convicted upon an indictment containing two counts, one upon the burglary and larceny committed after the passage of the act, the other upon the previous Convictions and imprisonments for felonies. If this fact properly appeared it could avail nothing in this inquiry, since it does not concern the power of the court, but only the regularity of its proceedings. It would show that the indictment was framed upon the misconception of the statute which prompts these objections to its validity. The act provides only for the punishment of those who shall be convicted, sentenced and imprisoned in the Ohio penitentiary for felonies committed after its passage. Neither indictment nor count upon former offenses, however numerous, would find support in any of its provisions. In its prospective operation the plea of former jeopardy may always be interposed if it goes to all of the felonies charged. The manifest purpose of the statute is to provide for the severer punishment of habitual felons. It does not differ in principle from an ordinance whose validity was recognized in Larney v. City of Cleveland, 34 Ohio St. 589. It is substantially identical with a statute of Massachusetts whose validity was sustained by the Supreme Court of that state upon considerations which apply with equal force here. Commonwealth v. Graves, 29 N. E. Reporter, 579.
The petitioner will be remanded to the custody of the warden. '